UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LYNDEE ROSE**<br><br>    Plaintiff,<br><br>v.<br><br>**UBER TECHNOLOGIES, INC.,**<br><br>**DAVID GILLETT,**<br><br>**RASIER, LLC,**<br><br>**RASIER-CA, LLC,**<br><br>and<br><br>**RASIER-DC, LLC**<br><br>    Defendants. | **Case #:**<br>        2022 CA 001961 V, JJM<br><br>**Next Event:**<br>        8-5-2022, 9:30 am<br>        Initial Conference |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-DC, LLC, and Rasier-CA, LLC (collectively "Defendants"), by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN, AND DICKER LLP, file this Notice of Removal of the above-entitled action, now pending in the Superior Court for the District of Columbia, bearing Civil Action No. 2022 CA 001961 V, JJM, to the United States District Court for the District of Columbia. In support of this Notice of Removal, Defendants respectfully state as follows:

## LEGAL BASIS FOR JURISDICTION

1. On or about May 4, 2022, Plaintiff Lyndee Rose filed Civil Action No. 2022 CA 001961 V, JJM in the Superior Court for the District of Columbia, seeking damages in the amount of $3,000,000.00 (Three Million Dollars). *See* Plaintiff's Complaint attached hereto as **Exhibit A**.

1

2. Plaintiff is a citizen and resident of the Florida. (Ex. A, Compl., Para. 3).

3. Defendant Uber Technologies, Inc. is a corporation organized and existing under and by virtue of the laws of Delaware with its principal place of business located in San Francisco, California.

4. Defendant Rasier, LLC is a limited liability company organized and existing under and by virtue of the laws of Delaware with its principal place of business located in San Francisco, California. No member of Rasier, LLC is a citizen of the District of Columbia.

5. Defendant Rasier-DC, LLC is a limited liability company organized and existing under and by virtue of the laws of Delaware with its principal place of business located in San Francisco, California. No member of Rasier-DC, LLC is a citizen of the District of Columbia.

6. Defendant Rasier-CA, LLC is a limited liability company organized and existing under and by virtue of the laws of Delaware with its principal place of business located in San Francisco, California. No member of Rasier-CA, LLC is a citizen of the District of Columbia.

7. Co-Defendant David Gillett is a citizen and resident of the Commonwealth of Virginia. (Ex. A, Compl., Para. 8).

## BASIS FOR REMOVAL

8. This Court is the district court of the United States for the district and division embracing the place where this action is currently pending in state court. 28 U.S.C. § 1441(a).

9. This Court has subject matter jurisdiction in this case and therefore removal is proper under 28 U.S.C. § 1332 based upon complete diversity jurisdiction. Diversity jurisdiction exists in a civil matter when the dispute is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

10. Both of the requirements for subject matter jurisdiction based on diversity

jurisdiction are met in this case because (a) neither Defendants, Plaintiff Lyndee Rose, nor Defendant David Gillett are citizens of the same state, and (b) Plaintiff's express demand in the Complaint seeks damages in the amount of $3,000,000.00, excluding interest and costs. 28 U.S.C. § 1332(a). *Id.* at §§ 1331 and 1441(b); (Ex. A, Compl.).

11. Plaintiff served Defendants on May 12, 2022. This Notice of Removal is thus timely filed pursuant to 28 U.S.C. § 1446(b).

12. As required by 28 U.S.C. § 1446(b), true and correct copies of the pleadings are being filed with this Notice of Removal.[1]

13. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal has been given to Plaintiff and Defendant David Gillett and a copy of the Notice of Removal has been filed with the Clerk of the Superior Court for the District of Columbia.

14. At this time no other defendant has made an appearance in this matter but counsel for David Gillett is known to be Danielle D. Giroux, Esq., of Harman, Claytor, Corrigan & Wellman, PC.

15. The required filing fee of $350.00 and an executed civil cover sheet accompany this Notice of Removal.

**WHEREFORE**, Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-DC, LLC, and Rasier-CA, LLC respectfully remove this action, pending in the Superior Court for the District of Columbia, to the United States District Court for the District of Columbia.

---

[1] Defendant notes that it also uploaded all Documents from Superior Court via CM/ECF as required.

271562228v.1

Case 1:22-cv-01556 Document 1 Filed 06/02/22 Page 4 of 18

June 2, 2022

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*/s/ Dov M. Szego, # 1048096*
Kathryn G. Grace, # 502857
Dov M. Szego, # 1048096
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
703.245.9300(Main)
703.245.9301(Fax)
Kathryn.Grace@wilsonelser.com
Dov.Szego@wilsonelser.com
  *Counsel for Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC and Rasier-DC, LLC*

271562228v.1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of June 2, 2022, I served a true and accurate copy of the foregoing Praecipe Notice of Filing Notice of Removal electronically via CM/ECF and/or email to the following:

>Victor E. Long, #393634
>Emily C. Lagan #41645159
>1919 M Street, NW, Suite 350
>Washington, DC 20036
>Phone: (202) 463-3030
>Fax: (202) 463-0667
>vlong@reganfirm.com
>elagan@reganfirm.com
>>*Counsel for Plaintiff*

>Danielle D. Giroux, Esq., (# 470009)
>Harman, Claytor, Corrigan & Wellman, PC
>1900 Duke Street, Suite 210
>Alexandria, Virginia 22314
>804-747-5200 - Phone
>804-747-6085 – Fax
>dgiroux@hccw.com
>>*Counsel for Co-Defendant, David Gillett*

>>>/s/ *Dov M. Szego, # 1048096*
>>>Kathryn G. Grace, # 502857
>>>Dov M. Szego, # 1048096
>>>8444 Westpark Drive, Suite 510
>>>McLean, Virginia 22102
>>>703.245.9300(Main)
>>>703.245.9301(Fax)
>>>Kathryn.Grace@wilsonelser.com
>>>Dov.Szego@wilsonelser.com
>>>>*Counsel for Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC and Rasier-DC, LLC*



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

LYNDEE ROSE

Plaintiff

vs.

RASIER, LLC

Defendant

Case Number **2022 CA 001961 V**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Victor E. Lon, Esq.
Name of Plaintiff's Attorney

1919 M Street, N.W. Suite 350
Address
Washington, DC 20036

202-463-3030
Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오    ኣማርኛ ተርጓሚ ለማግኘት (202) 879-4828    ያስከትሉ

Clerk of the Court

By _____ Deputy Clerk

Date **05/06/2022**

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**EXHIBIT A**

CV-3110 [Rev. June 2017]

Super. Ct. Civ. R. 4



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                    Demandante
        contra
                                        Número de Caso: _____

_____
                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le requiere presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante
_____

_____
Dirección

Por: _____
                    Subsecretario

Fecha _____

Teléfono
加崙翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828    ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO SI USTED PRETENDE OPONERSE A ESTA ACCIÓN. *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                                            Super. Ct. Civ. R. 4

Filed
D.C. Superior Court
05/09/2022 16:07PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **LYNDEE ROSE** <br> 1314 Massachusetts Ave., Apt. 104 <br> Washington, DC 20005 <br><br> Plaintiff, <br><br> v. <br><br> **UBER TECHNOLOGIES, INC.** <br> 1455 Market Street, 4th Floor <br> San Francisco, CA 94103 <br><br> <u>Serve:</u> CT Corporation System <br> 1015 15th Street, NW, Suite 1000 <br> Washington, DC 20005 <br><br> and <br><br> **DAVID GILETT** <br> 3516 16th St. S <br> Arlington, VA 22204 <br><br> and <br><br> **RASIER, LLC** <br> 1455 Market Street <br> #400 <br> San Francisco, CA 94103 <br><br> Serve: CT Corporation System <br> 1015 15th Street, N.W. <br> Suite 1000 <br> Washington, DC 20005 <br><br> and <br><br> **RASIER – CA, LLC** <br> 1455 Market Street <br> #400 | Case No. 2022 CA 001961 V |

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

- 1 -

San Francisco, CA 94103

Serve: CT Corporation System
1015 15th Street, N.W.
Suite 1000
Washington, DC 20005

and

**RASIER – DC, LLC**
1455 Market Street
#400
San Francisco, CA 94103

Serve: CT Corporation System
1015 15th Street, N.W.
Suite 1000
Washington, DC 20005

Defendants.

## COMPLAINT FOR DAMAGES
(Negligence and Negligence *Per Se*; *Respondeat Superior*; Negligent Hiring/Training/Supervision)

Plaintiff, Lyndee Rose, by and through undersigned counsel, Victor E. Long, Emily C. Lagan and the law firm of Regan Zambri Long PLLC, respectfully brings this case against Defendants on the grounds and in the amount set forth below:

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this Court pursuant to D.C. Code Sec. 11-921 (1981 ed., as amended).

2. Venue is appropriate in this Court because the wrongful and negligent acts and/or omissions committed by Defendants occurred in the District of Columbia.

## PARTIES

3. Plaintiff, Lyndee Rose, is an adult resident of Florida.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

- 2 -

4. Upon information and belief, Defendant Uber Technologies, Inc. ("Defendant Uber") is a company licensed to operate in the District of Columbia and conducts business in the District of Columbia.

5. Upon information and belief, Defendant Rasier, LLC is a business entity licensed to operate in the District of Columbia and conducts such business in the District of Columbia.

6. Upon information and belief, Defendant Rasier-CA, LLC is a business entity licensed to operate in the District of Columbia and conducts such business in the District of Columbia.

7. Upon information and belief, Defendant Rasier-DC, LLC is a business entity licensed to operate in the District of Columbia and conducts such business in the District of Columbia. Hereinafter, Defendants Raiser, LLC, Rasier-CA, LLC and Rasier DC shall collectively be referred to as Defendant Raiser.

8. Upon information and belief, Defendant David Gillett ("Defendant Gillett") is an adult resident of the Commonwealth of Virginia.

9. At all relevant times herein, Defendant Gillett was an employee, agent, and/or servant of Defendant Uber, and was acting within the course and scope of his employment.

10. Defendant Uber is vicariously liable for the tortious acts and/or omissions committed by Defendant Gillett, which directly and proximately caused serious and permanent injuries to Plaintiff.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

## FACTS: UBER

11. Defendant Uber operates a car service that provides drivers to customers on demand through a cell phone application, or "app," in cities around the world.

12. The Uber app is free to download and install on a smartphone.

13. Through several forms of media, Uber represents to passengers and the public that it subjects its drivers to rigorous screening procedures prior to allowing them to drive for Uber. Uber states that drivers must clear several screenings. Uber also represents to customers that it continues to monitor the quality of its drivers on an ongoing basis through a rating system.

14. Uber makes money by selling rides—a passenger requests an Uber driver through the Uber app, Uber sends a driver to the passenger, the passenger is transported to his destination, and the passenger pays Uber by credit card.

15. Uber dictates and collects the fares that passengers pay for rides; then, it pays its drivers a portion of the fares collected, and it keeps the remainder for itself.

16. Uber drivers are not allowed to collect any form of payment from passengers; rather, Uber drivers receive payment for their work directly from Uber.

17. In order to drive for Uber, drivers must use a GPS-enabled map function that Uber builds into its app. Among other things, this map function does the following:

    a. Shows Uber drivers real-time maps of where demand for rides is highest at a given time;

    b. Shows Uber drivers the starting points of their assigned rides;

    c. Shows Uber drivers the destinations of their assigned rides;

Regan Zambri Long
1919 M Street NW
Suite 350
Washington, DC 20036
202-463-3030

    d. Directs Uber drivers, via turn-by-turn GPS directions, on the route to follow in order to pick up their assigned rides; and

    e. Directs Uber drivers, via turn-by-turn GPS directions, on the route to follow from pickup to destination.

18. Uber requires that Uber drivers further actively engage with its app while driving in order to accept or decline additional assigned rides—even going so far as to routinely ping Uber drivers with new assigned rides as they are nearing the end of a first passenger's ride.

19. Uber drivers do not have the authority to retroactively adjust a fare upwards or downwards; in order to adjust a fare, they must request that Uber do so at its discretion.

20. If Uber's technology malfunctions, Uber drivers do not have the authority to accept cash from passengers; rather, they must ask Uber for reimbursement.

21. Upon threat of termination, Uber subjects its drivers to a host of specific requirements concerning the performance of their driving duties. In the District of Columbia, these include, among others, the following:

    a. Drivers must drive four-door vehicles no more than 10 years old;

    b. Drivers must display the Uber logo on their vehicles;

    c. Drivers must remove from the vehicle any non-Uber corporate branding;

    d. Drivers must maintain their vehicles in "good" mechanical condition, with "no cosmetic damage" at all;

    e. Drivers must maintain their cars in an acceptably clean condition;

    f. Drivers must adhere to Uber's rules regarding tipping, to wit, by declining a first offer from a customer, although they may accept a second offer;

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

    g. Drivers must respond to ride requests within a timeframe that is acceptable to Uber;

    h. Drivers must maintain a ride request acceptance rate that is acceptable to Uber;

    i. Drivers must maintain a passenger review rating (a "star rating") that is acceptable to Uber; and

    j. Drivers must not call passengers who have requested a ride with a frequency that Uber determines is "excessive."

## FACTS: COLLISION

22. On October 30, 2020, at approximately 2:23 p.m., Defendant Gilett was working as an Uber driver and was traveling southbound on K Street, NW in Washington, DC, near its intersection with 14th Street, NW.

23. At approximately the same time and place, Ms. Rose, a pedestrian, was walking northbound on K Street, near its intersection with 14th Street, NW.

24. When the "WALK" traffic signal indicated that it was safe for Ms. Rose to cross the intersection, she proceeded to do so.

25. As Ms. Rose crossed the intersection, suddenly and without warning, Defendant Gilett made a left turn onto 14th Street and violently struck Ms. Rose, propelling her to the ground.

26. The force of the collision caused Ms. Rose to lose consciousness.

27. Ms. Rose was taken by ambulance to Howard University Hospital, where she was admitted for treatment.

28. Responding Metropolitan Police Department Officer, William Belton III, issued a Notice of Infraction to Defendant Gillett.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

- 6 -

As a direct result of the collision, Ms. Rose sustained severe injuries, including, but not limited to traumatic brain injury, concussion, post traumatic headache, dizziness, cervicalgia, visual disorder, left anterosuperior labral tear, sleep problems, cognitive problems, mood changes, contusions, abrasions, and other orthopedic injuries, some or all of which are permanent in nature.

29. As a further direct result of the collision, Ms. Rose has incurred, and will continue to incur, substantial medical expenses; has incurred, and will continue to incur, substantial wage losses; and has suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish, as well as other damages.

## COUNT I
### (Defendant Gillett: Negligence, Negligence *Per Se*; Defendant Uber: *Respondeat Superior*)

30. Plaintiff incorporates the foregoing paragraphs by reference.

31. At all relevant times, Defendant Gillett owed Plaintiff and others on the road a duty to operate his vehicle in a safe, prudent, and appropriate manner consistent with motor vehicle safety and traffic laws then and there in effect.

32. Defendant Gillett breached that duty in the following ways:

   a. by failing to properly yield the right-of-way to a pedestrian who had begun crossing the street on a "WALK" signal;

   b. by failing to pay full time and attention to the operation of the automobile;

   c. by failing to keep a proper lookout while driving the automobile;

   d. by driving the automobile while distracted;

   e. by failing to maintain proper control of the automobile;

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

    f. by failing to drive the automobile at a safe speed for the traffic conditions;

    g. by failing to timely apply brakes or otherwise take appropriate actions to avoid or minimize the effects of striking a pedestrian; and/or

    h. by otherwise failing to adhere to the applicable traffic and motor vehicle regulations then and there in effect.

33. In breaching this duty, Defendant Gillett violated road-safety statutes and regulations that were in full force and effect in the District of Columbia at the time, including without limitation 18 DCMR 2208.11. As a result, Defendant Gillett was negligent *per se* under District of Columbia law.

34. As a direct and proximate result of Defendant Gillett's negligence, Plaintiff suffered the injuries and damages set forth above.

35. At the time of the negligence described in the preceding paragraphs, Defendant Gillett was acting within the course and scope of his employment by Defendant Uber and/or Defendant Rasier; accordingly, Defendant Uber and/or Defendant Rasier is liable for Defendant Gillett's negligence under the doctrine of *respondeat superior*.

**WHEREFORE**, the Plaintiff demands judgment be entered against Defendants, jointly and severally, for compensatory damages in the amount of Three Million Dollars ($3,000,000.00), plus interest and costs.

### JURY TRIAL DEMAND

Plaintiff requests a jury trial on all of the above claims.

Respectfully submitted,
REGAN ZAMBRI LONG PLLC

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20035

202-463-3030

By: /s/ *Victor E. Long*
    Victor E. Long      D.C. Bar #393634
    vlong@reganfirm.com
    Emily C. Lagan      D.C. Bar #1645159
    elagan@reganfirm.com
    1919 M Street, NW, Suite 350
    Washington, DC 20036
    PH: (202) 463-3030
    FX: (202) 463-0667
    *Counsel for Plaintiff*

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, DC 20036

202-463-3030

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

| | |
|---|---|
| LYNDEE ROSE | Case Number: 2022 CA 001961 V |
| vs | Date: _____ |
| UBER TECHNOLOGIES, INC., et al. | ☐ One of the defendants is being sued in their official capacity. |

Name: *(Please Print)*
Victor E. Lon, Esq.

Firm Name:
Regan Zambri Long PLLC

Telephone No.: (202) 463-3030     Six digit Unified Bar No.: 323634

Relationship to Lawsuit
☑ Attorney for Plaintiff
☐ Self (Pro Se)
☐ Other: _____

TYPE OF CASE: ☐ Non-Jury    ☑ 6 Person Jury    ☐ 12 Person Jury
Demand: $3,000,000.00    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____  Judge: _____  Calendar #: _____
Case No.: _____  Judge: _____  Calendar #: _____

NATURE OF SUIT:    *(Check One Box Only)*

### A. CONTRACTS

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 Special Education Fees

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 13 Employment Discrimination

**COLLECTION CASES**
☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

### B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

### C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☑ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile, Not Malpractice)

☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Aug 12

# Information Sheet, Continued

**C. OTHERS**

I.
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation Over $25,000
- ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- ☐ 26 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations

II.
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

/s/ Victor E. Long          05/04/2022
Attorney's Signature        Date

CV-496/Aug 12