IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LYNDEE ROSE,

  Plaintiff,

v.                                        Civil Action No. 1:22cv1556

UBER TECHNOLOGIES, INC., RASIER,
LLC, RASIER - CA, LLC, RASIER - DC,
LLC, AND DAVID GILLETT,

  Defendants.

## DEFENDANT DAVID GILLETT'S ANSWER

David Gillett, by counsel, states as follows for his Answer to Plaintiff's Complaint:

### JURISDICTION AND VENUE

1. Paragraph 1 of Plaintiff's Complaint states a legal conclusion to which no response is required.

2. Paragraph 2 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Gillett admits that the occurrence took place in the District of Columbia.

### PARTIES

3. Gillett is without sufficient information or knowledge to admit or deny the allegations in paragraph 3 of the Complaint.

4. Gillett is without sufficient information or knowledge to admit or deny the allegations in paragraph 4 of the Complaint.

5. Gillett is without sufficient information or knowledge to admit or deny the allegations in paragraph 5 of the Complaint.

6. Gillett is without sufficient information or knowledge to admit or deny the allegations in paragraph 6 of the Complaint.

7. Gillett is without sufficient information or knowledge to admit or deny the allegations in paragraph 7 of the Complaint.

8. Gillett admits the allegations in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Gillett denies the allegations in paragraph 9.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Gillett denies the allegations in paragraph 10. Gillett expressly denies that his acts and/or omissions caused serious and permanent injury to Plaintiff.

## FACTS: UBER

11. Gillett denies the allegations in paragraph 11 of the Complaint as stated.

12. Gillett admits the allegations in paragraph 12 of the Complaint.

13. Gillett is without sufficient information or knowledge to admit or deny the allegations in paragraph 13 of the Complaint and calls for strict proof thereof.

14. Gillett denies the allegations in paragraph 14 of the Complaint as stated.

15. Gillett denies the allegations in paragraph 15 of the Complaint as stated.

16. Gillett denies the allegations in paragraph 16 of the Complaint as stated.

17. Gillett denies the allegations in paragraph 17 of the Complaint as stated, including all subparts.

18. Gillett denies the allegations in paragraph 18 of the Complaint as stated.

19. In response to paragraph 19, Gillett admits that he does not set or adjust the fare for passengers accepted through the Uber App. Gillett denies the remaining allegations in paragraph 19 of the Complaint as stated.

20. In response to paragraph 20 of Plaintiff's Complaint, Gillet admits that if there is a malfunction with the driver version of the Uber App, he can request reimbursement through the Uber App. The remaining allegations in paragraph 20 are denied.

21. Gillett is without sufficient information or knowledge to admit or deny the allegations in paragraph 21 of the Complaint, including all subparts, and calls for strict proof thereof.

## FACTS: COLLISION

22. In response to paragraph 22 of the Complaint, Gillett admits that on October 20, 2022, at approximately 2:23 p.m., he was traveling southbound on K Street, NW in Washington DC, near its intersection with 14th St. NW. The remaining allegations in paragraph 22 are denied.

23. Gillett admits the allegations in paragraph 23 of the Complaint.

24. Gillett is without sufficient information or knowledge to admit or deny the allegations in paragraph 24 of the Complaint and calls for strict proof thereof.

25. In response to paragraph 25 of the Complaint, Gillett admits that his vehicle came into contact with Plaintiff as he was making a left turn into 14th St. NW. The remaining allegations in paragraph 25 are denied.

26. Gillett denies the allegations in paragraph 26 of the Complaint.

27. Gillett is without sufficient information or knowledge to admit or deny the allegations in paragraph 27 of the Complaint.

28. In response to paragraph 28 of the Complaint, Gillett admits that he received a Notice of Infraction from Metropolitan Police Officer William Belton, III. Gillett denies the remaining allegations in paragraph 28 and calls for strict proof thereof.

29. Gillett denies the allegations in paragraph 29 of the Complaint and calls for strict proof thereof.

## COUNT I

30. Gillett incorporates his responses to paragraphs 1 through 29 of Plaintiff's Complaint as if set forth fully herein.

31. Paragraph 31 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 31 are denied.

32. Gillett denies the allegations in paragraph 32 of the Complaint, including all subparts.

33. Paragraph 33 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 33 are denied.

34. Gillett denies the allegations in paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 35 are denied.

## FIRST DEFENSE

Gillett denies all allegations in the Complaint not specifically admitted herein and demands strict proof thereof.

## SECOND DEFENSE

Gillett denies that he is indebted to Plaintiff in the amount claimed or in any amount for the reasons stated or for any reason.

### THIRD DEFENSE

Gillett's acts or omissions, if any, were not a proximate cause of Plaintiff's alleged injuries and damages.

### FOURTH DEFENSE

The alleged injuries and damages were the result of another person or other people over whom Gillett had no control and for whom he is not responsible.

### FIFTH DEFENSE

Plaintiff failed to mitigate her damages.

### SIXTH DEFENSE

Plaintiff's claims may be barred by the doctrine of assumption of the risk and/or contributory negligence.

### SEVENTH DEFENSE

Gillett reserves the right to rely on all proper and provable defenses in this action that may be revealed through further investigation and discovery.

WHEREFORE, Defendant David Gillett, by counsel, requests that the Court dismiss Plaintiff's Complaint with prejudice and award his costs incurred herein.

**TRIAL BY JURY DEMANDED.**

**DAVID GILLETT**

By Counsel

/s/ Danielle D. Giroux
Danielle D. Giroux (D.C. Bar No. 470009)
*Counsel for David Gillett*
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia  22314
804-747-5200 - Phone
804-747-6085 - Fax
dgiroux@hccw.com